No. 25,067.

ATWOOD-CARINDER HARDWARE & FURNITURE COMPANY, *Appellant,* v.
J. M. COURTNEY et al., *Appellees.*

### SYLLABUS OF THE COURT.

LIABILITY ON ACCOUNT AND PROMISSORY NOTE—*Debtor Directed Payment to Be Indorsed on Account—Creditor Indorsed Payment on Note—Payment Should Have Been Indorsed as Directed—Note Barred by Statute of Limitations.* A debtor owing an account and promissory notes, claimed credit on the account. The creditor allowed credit, but indorsed it on the notes. *Held,* the debtor's persistent claim that his account should be credited constituted a sufficient direction concerning application of the payment.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 8, 1924. Affirmed.

*A. M. Parsons,* of Caney, for the appellant.
*Emil H. Koehl,* of Caney, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a book account of J. M. Courtney and on two promissory notes signed by Courtney and his wife. The referee to whom the cause was referred reported that recovery on the notes was barred by the statute of limitations. The report was approved, judgment was rendered accordingly, and plaintiff appeals.

The notes were executed on February 14, 1911, in settlement of an open account, and a valid credit was indorsed on one of the notes on August 7, 1913. After February 14, 1911, J. M. Courtney continued to be a customer of plaintiff, and again became indebted on account. He claimed he was entitled to credit on his account for labor and material furnished to G. B. Atwood, plaintiff's president, and some items of his claim were allowed by the company, but not credited. In 1921, and before May 6 of that year, the remaining items were allowed by the company, but instead of entering credit on the account, a payment was indorsed on the back of each note, as of May 17, 1917. The action was commenced on May 6, 1921. The contention is Courtney did not make application of the credit, and consequently plaintiff was permitted to do so.

Courtney's evidence was that in all his negotiations with plaintiff he claimed credit on his account, and that before the credit was

39—115 KAN.

allowed he refused to settle with plaintiff until he received credit on his account. There was other evidence that he made unwavering claim to credit on his account. In order to effect a settlement, plaintiff told Courtney he would be given credit if he would furnish a statement of his account, which he did. When he rendered the statement, he said nothing about where it should be applied. Later he was informed he had been given credit, but he did not learn the credits had been placed on the notes instead of on the account until after suit was commenced. As indicated, Courtney's attitude at all times was not merely that he was entitled to credit, but that he was entitled to credit on a specified indebtedness. He rendered his statement in order that he might receive credit on his account, and not on his notes, and if the credit were allowed at all, its application was governed by the previous direction embodied in his persistent claim.

Since plaintiff waived the statute of limitations, and gave Courtney credit for the amount he was claiming, the referee properly applied it on the account.

The judgment of the district court is affirmed.